EDWARD   PLACE,   RESPONDENT,   *v.*   PETER   RILEY,
APPELLANT.

*Execution — form of, when issued upon a judgment recovered in an action against an absconding debtor served by publication — Code of Civil Procedure, secs. 438, 1370 — When an execution and the sale had thereunder will be set aside.*

On May 7, 1878, this action was commenced by the service of the summons upon the defendant, by publication, under section 438 of the Code of Civil Procedure, as an absconding debtor.  On August fifth an attachment was issued and a levy made upon real estate belonging to him.  August twentieth a judgment was entered by default, and on the same day an execution was issued thereon, under which the real estate attached was sold to one Owen Riley, who, after the expiration of the time to redeem, secured a deed thereof from the sheriff, and subsequently conveyed it to certain parties, who entered into possession of and improved the premises.  In October, 1880, the defendant returned to this State, procured his default to be opened, and upon the trial of the action obtained a verdict in his favor.  He then moved to have the sale set aside upon the ground that the execution was irregular in that it required the sheriff to satisfy the judgment out of the personal property attached, and if that was insufficient, out of the real estate attached, instead of requiring him to satisfy it first out of the personal property attached; second, out of any personal property belonging to the debtor; third, out of the real estate attached, and fourth, out of any real estate belonging to the debtor at the time the judgment was docketed, as required by section 1370 of the Code of Civil Procedure.

*Held,* that the execution and the sale had thereunder were irregular, and that the motion should be granted.

APPEAL from an order made at a Special Term denying a motion made by the defendant to have a sale under an execution, issued upon a judgment recovered in this action, and the deeds given in pursuance thereof, set aside as irregular.

The action was begun on the 7th day of May, 1878, by the service of a summons on Peter Riley, by publication, and was brought to recover the sum of $131, a balance alleged to be due from the defendant to plaintiff for goods sold and delivered.

An order of attachment was issued on August 5, 1878; under which the defendant's real estate was attached.

The defendant was not personally served with process, and did not appear herein.  Judgment was taken against him by default

August 20, 1878, for $226.37. On the same day an execution was issued upon the judgment to the sheriff of Queens county, which commanded him to satisfy the judgment out of the personal property attached in the action and if that was insufficient, then to satisfy it out of the real property theretofore attached. The premises attached were levied upon and sold under the said execution by the sheriff, in the latter part of October, in the year 1878, and bid off on the day of sale by Owen Riley, for $500, and after the time to redeem had expired they were conveyed by the said Riley to Whittaker and Willetts, who are really the respondents on this motion.

Peter Riley, the defendant, did not return home until about October 1, 1880. He then had the default opened and the judgment set aside, and defended the said action on its merits and obtained a verdict from a jury in 1882.

Thereafter he made this motion to have the execution and sale vacated and set aside as irregular.

*George A. Mott*, for the appellant.

*Foster J. Stephens*, for the respondent.

*A. N. Weller*, for the purchaser.

BARNARD, P. J. :

This is a hard case. The plaintiff procured an attachment against the defendant as an absconding debtor. There was proof tending to show very strongly that the defendant left the State of New York under such circumstances as would justify the inference that he intended to cheat creditors. The summons was served by publication. The papers do not show the affidavits on which the order to publish was issued, and it must be assumed that they made out a case under section 438 of the Code. A general execution was issued, and under it the sheriff of Queens county sold the defendant's real estate. The property brought probably less than half its value. The time to redeem runs out, and the purchaser at the sheriff's sale conveyed the land to Whittaker and Willetts who now occupy the same. After the time for redemption expired, the defendant returned to this State. He applied to open the case and answer.

He obtained such leave, answered, tried the case before a jury and succeeded in his defense. Thus the defendant has been sold out for a debt which didn't exist. This fact does not determine the case. The judgment was regular and in full force when the sale was made. The purchaser bought on the faith of the judgment, and his grantees have bought on the faith of this title and have made large repairs on the premises. The execution was not regular. I assume from the papers that the attachment was against a resident who had fled with evil intent. It is also to be inferred that the order of publication was based upon the same allegation. Only two executions were proper. If the publication was against a non-resident, then the execution could only go against the property attached. If the publication was made as provided for cases of residence and concealment in the State the execution must have gone against, first, the attached property; second, other personal property; third, attached real estate; fourth, other real estate. (Code, § 1370.) The principle established is that non-residents shall only answer by the attached property, and residents shall answer generally but in certain prescribed order of sale. This execution violated this section. It let out from the levy personal property of the alleged debtor not actually attached. The sale of the real estate was therefore irregular and void. There is proof tending to show other personal property than that attached, but in the absence of such proof the execution must follow the statute so that actual search by the sheriff should determine the fact. The omission was not a mere irregularity and thus amendable. The case is as if an execution should direct the sale of the debtor's lands in the first instance.

The order should be reversed, and the execution and sale under it be set aside, without costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Order reversed, and motion granted setting aside execution and sale under it, without costs.